MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
LEANDRO VALDEZ MORONTA,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

*Plaintiff,*

-against-

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

E & M FOOD MARKET CORP.  (D/B/A
KEY FOOD) and MIGUEL MARTINEZ,

**ECF Case**

*Defendants.*

------------------------------------------------------X

Plaintiff Leandro Valdez Moronta ("Plaintiff Valdez" or "Mr. Valdez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against E & M Food Market Corp. (d/b/a Key Food), ("Defendant Corporation") and Miguel Martinez, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Valdez is a former employee of Defendants E & M Food Market Corp. (d/b/a Key Food) and Miguel Martinez.

2.       Defendants own, operate, or control a supermarket, located at 760 Melrose Avenue, Bronx, New York 10451 under the name "Key Food".

3.      Upon information and belief, individual Defendant Miguel Martinez, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the supermarket as a joint or unified enterprise.

4.      Plaintiff Valdez was employed as a deli worker at the supermarket located at 760 Melrose Avenue, Bronx, New York 10451.

5.      At all times relevant to this Complaint, Plaintiff Valdez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Valdez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants repeatedly failed to pay Plaintiff Valdez wages on a timely basis.

8.      Defendants' conduct extended beyond Plaintiff Valdez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valdez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Valdez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Valdez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Valdez's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a supermarket located in this district. Further, Plaintiff Valdez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14.     Plaintiff Leandro Valdez Moronta ("Plaintiff Valdez" or "Mr. Valdez") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Valdez was employed by Defendants at Key Food from approximately September 12, 2017 until on or about May 1, 2019.

16.     Plaintiff Valdez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a supermarket, located at 760 Melrose Avenue, Bronx, New York 10451 under the name "Key Food".

18.     Upon information and belief, E & M Food Market Corp. (d/b/a Key Food) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 760 Melrose Avenue, Bronx, New York 10451.

19.     Defendant Miguel Martinez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Miguel Martinez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Miguel Martinez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valdez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20.     Defendants operate a supermarket located in the Melrose section of The Bronx in New York City.

21.     Individual Defendant, Miguel Martinez, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Valdez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Valdez, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Valdez (and all similarly situated employees) and are Plaintiff Valdez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Valdez and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendant Miguel Martinez operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27.     At all relevant times, Defendants were Plaintiff Valdez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Valdez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Valdez's services.

28.     In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the supermarket on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30.     Plaintiff Valdez is a former employee of Defendants who was employed as a deli worker.

31.     Plaintiff Valdez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Leandro Valdez Moronta*

32.     Plaintiff Valdez was employed by Defendants from approximately September 12, 2017 until on or about May 1, 2019.

33.     Defendants employed Plaintiff Valdez as a deli worker.

34.     Plaintiff Valdez regularly handled goods in interstate commerce, such as supermarket and other supplies produced outside the State of New York.

35.     Plaintiff Valdez's work duties required neither discretion nor independent judgment.

36.     Throughout his employment with Defendants, Plaintiff Valdez regularly worked in excess of 40 hours per week.

37.     From approximately September 2017 until on or about February 2018, Plaintiff Valdez worked from approximately 2:00 p.m. until on or about 10:15 p.m., six days a week (typically 49.5 hours per week).

38.     From approximately February 2018 until on or about January 2019, Plaintiff Valdez worked from approximately 2:00 p.m. until on or about 10:15 p.m., six days a week and from approximately 8:00 a.m. until on or about 7:00 p.m. to 8:00 p.m., one day a week (typically 60.5 to 61.5 hours per week).

39.     From approximately January 2019 until on or about May 1, 2019, Plaintiff Valdez worked from approximately 3:00 p.m. until on or about 10:00 p.m., five days a week and from approximately 8:00 a.m. until on or about 7:00 p.m. to 8:00 p.m., one day a week (typically 46 to 47 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Valdez his wages in a combination of check and cash.

41.     Specifically, Defendants paid Plaintiff Valdez his first 25 to 35 hours worked by check and the rest in cash.

42.     From approximately September 2017 until on or about December 2017, Defendants paid Plaintiff Valdez $11.00 per hour.

43.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Valdez $13.00 per hour.

44.     From approximately January 2019 until on or about May 2019, Defendants paid Plaintiff Valdez $15.00 per hour.

45.     For approximately his last week of employment, Defendants did not pay Plaintiff Valdez any wages for his work.

46.     Plaintiff Valdez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     For example, Defendants required Plaintiff Valdez to work an additional fifteen minutes to one hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

48.     Defendants never granted Plaintiff Valdez any breaks or meal periods of any kind.

49.     Nevertheless, Defendants deducted three to four hours from Plaintiff Valdez's weekly paycheck for breaks he never took.

50.     Plaintiff Valdez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.     On a number of occasions, Defendants required Plaintiff Valdez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valdez regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not provide Plaintiff Valdez an accurate statement of wages, as required by NYLL 195(3).

54.     In fact, Defendants adjusted Plaintiff Valdez's paystubs so that they reflected inaccurate wages and hours worked.

55.     Defendants did not give any notice to Plaintiff Valdez, in English and in Spanish (Plaintiff Valdez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.     Defendants required Plaintiff Valdez to purchase "tools of the trade" with his own funds—including multiple pairs of gloves.

*Defendants' General Employment Practices*

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valdez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

58.     Plaintiff Valdez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59.     Defendants' pay practices resulted in Plaintiff Valdez not receiving payment for all his hours worked, and resulted in Plaintiff Valdez's effective rate of pay falling below the required minimum wage rate.

60.     Defendants habitually required Plaintiff Valdez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

61.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Valdez worked.

62.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

63.     On a number of occasions, Defendants required Plaintiff Valdez to sign a document the contents of which he was not allowed to review in detail.

64.     Defendants paid Plaintiff Valdez his wages in a combination of check and cash.

65.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Valdez (and similarly situated individuals) worked, and to avoid paying Plaintiff Valdez properly for his full hours worked.

67.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Valdez and other similarly situated former workers.

69.     Defendants failed to provide Plaintiff  Valdez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70.     Defendants failed to provide Plaintiff Valdez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

71.     Plaintiff Valdez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

72.     At all relevant times, Plaintiff Valdez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

73.     The claims of Plaintiff Valdez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

74.     Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Valdez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Valdez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

76.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

78.     Defendants failed to pay Plaintiff Valdez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.     Defendants' failure to pay Plaintiff Valdez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Valdez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

81.     Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Valdez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Valdez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Valdez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

85.     Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Valdez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Valdez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Valdez less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Valdez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Valdez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

90.      Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

91.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Valdez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.      Defendants' failure to pay Plaintiff Valdez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93.      Plaintiff Valdez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

94.      Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

95.      Defendants failed to provide Plaintiff Valdez with a written notice, in English and in Spanish (Plaintiff Valdez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96.     Defendants are liable to Plaintiff Valdez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

97.      Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

98.      With each payment of wages, Defendants failed to provide Plaintiff Valdez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

99.     Defendants are liable to Plaintiff Valdez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

100.      Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants required Plaintiff Valdez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

102.    Plaintiff Valdez was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

103.     Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

104.    At all relevant times, Defendants were Plaintiff Valdez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

105.    Defendants made unlawful deductions from Plaintiff Valdez's wages including, but not limited to, deductions for meal periods he never took.

106.    The deductions made from Plaintiff Valdez's wages was not authorized or required by law.

107.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Valdez's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

108.    Plaintiff Valdez was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

OF THE NEW YORK LABOR LAW

109.    Plaintiff Valdez repeats and realleges all paragraphs above as though set forth fully herein.

110.    Defendants did not pay Plaintiff Valdez on a regular weekly basis, in violation of NYLL §191.

111.    Defendants are liable to Plaintiff Valdez in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Valdez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valdez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valdez and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Valdez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Valdez and the FLSA Class members;

(f)     Awarding Plaintiff Valdez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Valdez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Valdez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Valdez;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Valdez;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Valdez's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Valdez;

(m)     Awarding Plaintiff Valdez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiff Valdez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Valdez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Valdez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Valdez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Valdez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 10, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:       /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

- 19 -

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

May 3, 2019
BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Leandro Valdez Moronta

                                        Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:                      _Leandro Valdez Moronta_

                                        03 de mayo de 2019

Date / Fecha:

*Certified as a minority-owned business in the State of New York*